United States District Court
for the
Southern District of Florida

| Christine A. Piguet and Peter N. Archer, Plaintiffs, | ) ) ) | |
|---|---|---|
| v. | ) ) | Civil Action No. 16-61935-Civ-Scola |
| J.P. Morgan Chase Bank, N.A., and others, Defendants. | ) ) ) | |

### Order on Defendants' Motions to Dismiss

The Plaintiffs, proceeding pro se, bring this lawsuit against J.P. Morgan Chase Bank, N.A. ("J.P. Morgan") and its attorneys for actions taken during a state court foreclosure proceeding. This matter is before the Court on the Defendants' Motions to Dismiss (ECF Nos. 45, 46, 52). For the reasons set forth in this Order, the Court **grants** the motions to dismiss.

**1. Background**

The Plaintiffs allege that the Defendants filed a "knowingly wrongful and malicious foreclosure action" against them in January 2010. (Compl. at 3, ECF No. 1.) The Plaintiffs assert that the foreclosure action was wrongful and was maliciously initiated because J.P. Morgan breached the mortgage agreement prior to the initiation of the foreclosure proceedings by failing to disburse overdue insurance proceeds to Plaintiff Piguet. (*Id.*) In addition, the Plaintiffs assert that J.P. Morgan and its attorneys committed fraud and engaged in misconduct during the foreclosure action. (*Id.*)

This is the sixth lawsuit that Piguet has filed against J.P. Morgan in federal court concerning the foreclosure action. This Court dismissed Piguet's first two lawsuits because they were filed while the state court foreclosure proceedings were ongoing. *Piguet v. JP Morgan Chase Bank Nat. Ass'n*, No. 13-62406, ECF No. 5 (Scola, J.); *Piguet v. JP Morgan Chase Bank, Nat. Ass'n, et. al.*, No. 13-62386, ECF No. 11 (S.D. Fla. Dec. 9, 2013) (Scola, J.). Judge Altonaga dismissed Piguet's third federal lawsuit because her complaint failed to state a claim upon which relief may be granted. *Piguet, et. al. v. J.P. Morgan Chase Bank, et. al.*, No. 14-60869, 2014 WL 11350229, at *2 (S.D. Fla. April 29, 2014) (Altonaga, J.). Piguet's fourth federal lawsuit asserted that J.P. Morgan violated the terms of her mortgage agreement by failing to process insurance funds that were owed to her, and also alleged that J.P. Morgan fabricated a reason to foreclose on her home. *Piguet v. J.P. Morgan Chase Bank,*

*N.A.*, No. 14-62862, ECF No. 28 (S.D. Fla. Aug. 3, 2015) (Scola, J.). The Court dismissed the case with prejudice, holding in part that the Rooker-Feldman doctrine prohibited the Court from reviewing the state court's foreclosure judgment and the doctrine of res judicata barred Piguet's claim concerning the insurance proceeds because she had already litigated that issue on two prior occasions. *Id.* Most recently, this Court dismissed Piguet's fifth federal lawsuit with prejudice because Piguet once again claimed that J.P. Morgan violated the terms of the mortgage agreement by refusing to endorse the check for the insurance proceeds. *Piguet v. J.P. Morgan Chase Bank, N.A.*, No. 14-61075, 2014 WL 11776964 (S.D. Fla. Dec. 8, 2014) (Scola, J.).

2. **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Complaints filed by pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). However, "the leniency afforded pro se litigants does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading

in order to sustain an action." *Shuler*, 2011 WL 4495624, at *6 (citation omitted).

### 3. Analysis

The Defendants have moved to dismiss each cause of action in the Complaint. As an initial matter, the Court notes that the Plaintiffs have not complied with Federal Rule of Civil Procedure 10, which requires that a party state its claims in numbered paragraphs. In addition, it is unclear throughout the Complaint which factual allegations refer to which Defendants. However, even overlooking these deficiencies, the Plaintiffs have failed to state a claim upon which relief may be granted. The Court will first address each of the counts specifically set forth in the Complaint, and will then address the additional causes of action referenced in the Complaint.

#### A. *Count One*

Count One asserts that the Defendants breached the mortgage agreement by failing to disburse insurance proceeds to the Plaintiffs. (Compl. at 61, ECF No. 1.) However, as noted in two of this Court's dismissals of Piguet's previous lawsuits, Piguet already litigated this claim in the state court foreclosure proceeding and in the federal case before Judge Altonaga, both of which ended with a final judgment in favor of J.P. Morgan. *See, e.g.*, *Piguet v. J.P. Morgan Chase Bank, N.A.*, No. 14-61075, 2014 WL 11776964, at *2 (S.D. Fla. Dec. 9, 2014) (Scola, J.). Therefore, the doctrine of res judicata bars Count One of the Complaint. *See, e.g., Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *CSX Transp., Inc. v. Bhd. of Maint. of Way Employees*, 327 F.3d 1309, 1317 (11th Cir. 2003) ("Collateral estoppel or issue preclusion forecloses relitigation of an issue of fact or law that has been litigated and decided in a prior suit."); *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1332 (11th Cir. 2010) ("The application of collateral estoppel prevents the parties in a second suit from litigating those points in question which were actually adjudicated in the first suit.").

#### B. *Count Two*

Count Two asserts that the Defendants acted with gross negligence in violating the terms of the mortgage agreement by failing to disburse the insurance proceeds to the Plaintiffs. (Compl. at 62, ECF No. 1.) As noted above, the Plaintiffs are barred from re-litigating J.P. Morgan's refusal to disburse the insurance proceeds. Furthermore, Florida Statute § 95.11(3)(a) states that an action for negligence must be commenced within four years. Since the failure to disburse the insurance proceeds occurred before the foreclosure proceedings

were initiated in January 2010, any claim of negligence related to J.P. Morgan's failure to disburse the insurance proceeds is untimely.

In addition, Count Two appears to assert that the Defendants' failure to disburse the insurance proceeds prior to filing the state court action was fraudulent, and that the Defendants fabricated evidence showing that the Plaintiffs had defaulted on their mortgage. (Compl. at 62, ECF No. 1.) The Plaintiffs assert that the Defendants did this intentionally to "gain an unfair advantage in state court by wrongly misleading the state court into issuing a order of summary judgement [sic] based upon fraudulent actions in the proceedings." (*Id.*)

This Court noted in a previous dismissal of one of Piguet's lawsuits that she could potentially raise an independent claim against J.P. Morgan and its attorneys for their alleged misconduct during the state foreclosure proceedings. *Piguet*, 2014 WL 11776964, at *2. However, the specific factual allegations asserted by the Plaintiffs are barred by Florida's litigation privilege. "In *Myers v. Hodges,* 53 Fla. 197, 210, 44 So. 357, 361 (1907), [the Florida Supreme Court] recognized the principle of the litigation privilege in Florida, essentially providing legal immunity for actions that occur in judicial proceedings." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,* 950 So. 2d 380, 383 (Fla. 2007). The privilege "extends to the protection of the judge, parties, counsel, and witnesses, and arises immediately upon the doing of any act required or permitted by law in the due course of the judicial proceeding or as necessarily preliminary thereto." *Pledger v. Burnup & Sims, Inc.,* 432 So.2d 1323, 1325-26 (Fla. 4th Dist. Ct. App. 1983) (quoting *Ange v. State*, 123 So. 916 (Fla. 1929)). The privilege "applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." *Echevarria,* 950 So. 2d at 384. Although Florida courts have construed the litigation privilege as an affirmative defense, it "may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1276 (11th Cir. 2004) (internal quotations and citations omitted); *see also Blake v. Seterus, Inc.*, No. 16-21225, 2017 WL 543223, at *3 (S.D. Fla. Feb. 9, 2017) (King, J.).

Throughout the Complaint, the Plaintiffs make a variety of allegations concerning the Defendants' misconduct during the state court proceeding. Specifically, the Plaintiffs allege that the Defendants manipulated evidence; introduced false entries of payment records in an attempt to "force a default judgment;" "fabricated and manipulated statements;" omitted relevant evidence and facts; filed misleading motions; utilized delay tactics; and deceived the state court. (*See, e.g.*, Compl. at 3-4, 7-9, 29-30, ECF No. 1.) The Plaintiffs state that "The primary purpose of this action is to recover damages for the

misconduct in state court by the Defendants. . ." (Compl. at 10, ECF No. 1.) All of the Plaintiffs' allegations concerning the Defendants' misconduct relate to actions that the Defendants took during the state court proceeding, and thus the Complaint shows the conclusive applicability of the litigation privilege.

To the extent that the Plaintiffs are asserting that the Defendants committed fraud on the court, this is not the proper forum for such a claim. "Fraud on the court occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." *E.I. DuPont De Nemours & Co., Inc. v. Sidran*, 140 So.3d 620, 623 (Fla. 3d. Dist. Ct. App. 2014) (internal citations and quotations omitted). The "proper forum in which to assert that a party has perpetrated a fraud on the court is the court which allegedly was a victim of that fraud." *Florida Evergreen Foliage v. E.I. Dupont De Nemours and Co.*, 336 F.Supp.2d 1239, 1271 (S.D. Fla.) (Gold, J.) (internal quotations omitted) (citing *Chewning v. Ford Motor Co.*, 35 F.Supp.2d 487, 491 (D.S.C. 1998)). Since the Plaintiffs assert that the Defendants perpetrated a fraud on the state court that heard the foreclosure case, that is the appropriate court in which to assert a claim of fraud on the court.

Finally, Count Two cites to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, although there are no factual allegations relating to the TILA violation. (Compl. at 62, ECF No. 1.) 15 U.S.C. § 1635(a) provides a three-day right of rescission for obligors in consumer credit transactions in which a security interest is acquired in property that is used as the obligor's principal dwelling. The right of rescission expires at midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms that are required to be provided to the obligor. 15 U.S.C. § 1635(a). However, the statute states that the right of rescission expires three years after the date of consummation of the transaction, notwithstanding the fact that the information and forms required to be provided to the obligor have not been delivered to the obligor. 15 U.S.C. § 1635(f). Since Piguet's loan closed on March 22, 1993, the Plaintiffs have no right of rescission under the statutory provision cited in Count Two of the Complaint. (Compl. Ex. I., ECF No. 1-3.)

### C. Count Three

Count Three asserts that the Defendants committed an "act of fraud" because they had no legal justification to initiate foreclosure proceedings since J.P. Morgan's breached the mortgage agreement by failing to disburse the insurance proceeds. (Compl. at 63, ECF No. 1.) The Plaintiffs assert that the

filing of the foreclosure action constituted "malicious fraud by misconduct in state court." (*Id.*) As noted above, this is not the proper forum for the Plaintiffs to bring a claim of fraud on the state court, and the Florida litigation privilege bars the Plaintiffs' claims concerning the Defendants' conduct during the state court proceedings.

To the extent that the Plaintiffs are asserting a claim for malicious prosecution, the Plaintiffs must demonstrate, among other things, that the termination of the state court proceeding "constituted a bona fide termination of that proceeding in favor of the present plaintiff." *Fischer v. Debrincat*, 169 So.3d 1204, 1206 (Fla. 4th Dist. Ct. App. 2015) (citing *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So.2d 1352, 1355 (Fla. 1994). The Plaintiffs assert that the sale of Piguet's property was terminated by the state court because "the summary judgement [sic] could not be shown as a legal judgement due to the fact it was attained by fraud. . ." (Compl. at 4, 18, ECF No. 1.) However, the order of dismissal that the Plaintiffs attached to their Complaint states that the foreclosure sale was cancelled and the case was dismissed because Piguet "tendered and Plaintiff has accepted a full payoff of the subject loan. . .". (Compl. Ex. A, ECF No. 1-2). The Plaintiffs also attached a Satisfaction of Judgment entered by the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the Complaint, which states that the Clerk received from Piguet the amount of the Final Judgment entered against her by the circuit court. (Compl. Ex. B, ECF No. 1-2).

Therefore, contrary to the Plaintiffs' assertions, the foreclosure proceeding was dismissed not because the state court found that the judgment was "attained by fraud," but because Piguet paid the amount of the Final Judgment that was entered against her. As a result, the Plaintiffs cannot state a claim for malicious prosecution because they cannot show that the termination of the foreclosure proceedings "constituted a bona fide termination of that proceeding in favor of the present plaintiff." *See Fischer*, 169 So.3d at 1206 (citations omitted).

### D. Count Four

Count Four of the Complaint asserts that J.P. Morgan was negligent and failed to do due diligence to verify the legal status of the Plaintiffs' mortgage prior to the assignment of the mortgage from Washington Mutual Bank, N.A. to J.P. Morgan. (Compl. at 64, ECF No. 1.) The Plaintiffs have failed to plead facts sufficient to state a cause of action for negligence. *See, e.g., Florida Dept. of Corr. v. Abril*, 969 So. 2d 201, 204 (Fla. 2007) ("To maintain an action for negligence, a plaintiff must establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages."). Moreover, even if the Plaintiffs could plead facts sufficient to state

a cause of action for negligence, such a claim would be untimely. Florida Statute § 95.11(3)(a) states that an action for negligence must be commenced within four years and Count Four states that "The cause of claim in this case action [sic] arises by allegations that the Defendant did in 2008." (Compl. at 65, ECF No. 1.) Therefore, Count Four fails to state a claim upon which relief may be granted.

### E. Count Five

Count Five cites to 18 U.S.C. §§ 1503, 1506, 1509, 1512 and the United States Attorneys' Manual Chapter 9-27.0000. (Compl. at 65, ECF No. 1.) 18 U.S.C. § 1503 prohibits influencing or injuring an officer of a court or a juror. 18 U.S.C. § 1506 prohibits falsifying a record, writ, process, or other proceeding in a court. 18 U.S.C. § 1509 prohibits the obstruction of an order, judgment, or decree of a court. 18 U.S.C. § 1512 prohibits tampering with a witness, victim, or an informant. The Plaintiffs have made no factual allegations related to these statutes. Furthermore, these statutes are criminal in nature and do not create a private right of action.

Finally, Chapter 9-27.0000 of the United States Attorneys' Manual sets forth the principles of federal prosecution. The Plaintiffs have made no allegations concerning any violations of these principles, and the Court is unaware of any private right of action to enforce the principles. Therefore, Count Five of the Complaint fails to state a claim upon which relief may be granted.

### F. Count Six

Count Six cites to 50 C.F.R. § 300.4, 18 U.S.C. § 401, and the doctrines of "clean hands" and "equitable toll [sic]." (Compl. at 66, ECF No. 1.) 50 C.F.R. § 300.4 is an international fisheries regulation, and therefore is inapplicable to this case. 18 U.S.C. § 401 states that federal courts have the power to punish misbehavior of any person in its presence, misbehavior of any of its officers, and disobedience or resistance to its orders. As noted above, the Plaintiffs' allegations concern the Defendants' misconduct in state court, and thus this statute is inapplicable.

The Court construes the Plaintiffs' claim of "clean hands" as a claim of "unclean hands." The only factual allegation referenced in Count Six is that the Defendants were unwilling to enter into settlement negotiations. (Compl. at 66, ECF No. 1.) The Eleventh Circuit has held that Florida's litigation privilege applies to settlement activities. *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1275 (11th Cir. 2004). Therefore, the Plaintiffs cannot bring a cause of action related to the Defendants' actions, or inactions, related to settlement of the state court foreclosure proceedings.

"The doctrine of equitable tolling was developed to permit under certain circumstances the filing of a lawsuit that otherwise would be barred by a limitations period." *Machules v. Dep't of Admin.*, 523 So.2d 1132, 1133 (Fla. 1988) (citations omitted). The doctrine is typically applied "when the plaintiff has been misled or lulled into action, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." *Id.* at 1134 (citations omitted). The doctrine of equitable tolling is not a cause of action in and of itself. Furthermore, the Plaintiffs have not identified any statute of limitation that they assert should be equitably tolled, nor have they identified any circumstance that prevented them from timely asserting a claim.

Therefore, Count Six of the Complaint fails to state a claim upon which relief may be granted.

### *G. Additional Causes of Action*

In addition to the causes of action set forth in the specific counts in the Complaint, the Plaintiffs also reference other causes of action and statutory provisions throughout the Complaint. Most of the statutory provisions either relate to the insurance proceeds or are irrelevant to any of the factual allegations in the Complaint. Thus, the Court will address only those causes of action that are potentially relevant to the factual allegations in the Complaint and that are not barred by res judicata.

The Plaintiffs reference the Fair Debt Collection Practices Act (the "FDCPA") throughout the Complaint. (Compl. at 4, 8, 30, ECF No. 1.) However, the Eleventh Circuit has held that enforcement of a security interest through a foreclosure does not constitute a debt collection activity under the FDCPA. *See Dunavant v. Sirote & Permutt, P.C.*, 603 Fed. App'x. 737, 739-40 (holding that the district court did not abuse its discretion in refusing to reconsider its decision to dismiss the plaintiff's FDCPA claim based on an unpublished Eleventh Circuit decision that held that the foreclosure of a mortgage on real property falls outside the ambit of the FDCPA). Therefore, the Plaintiffs cannot state a cause of action under the FDCPA.

The Complaint also repeatedly references racketeering and the Racketeering Influenced and Corrupt Organizations Act. (Compl. at 11, 56-60, ECF No. 1.) As the Court noted in at least one of its previous dismissals of Piguet's lawsuits, the Court does not have the authority to initiate a federal criminal investigation or prosecution. *Piguet*, 2014 WL 11776964 at *2.

Finally, the Court notes that many of the allegations in the Complaint essentially assert that J.P. Morgan had no legal basis to initiate the foreclosure proceeding against Piguet. The Eleventh Circuit has held that the Rooker-Feldman doctrine extends to federal claims that are deemed to be inextricably

intertwined with the state court judgment. *Springer v. Perryman*, 401 Fed. App'x. 457, 458 (11th Cir. 2010) (citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)). A claim is "considered inextricably intertwined with the state court judgment: (1) where the success of the federal claim would effectively nullify the state court judgment; and (2) where the federal claim succeeds only to the extent that the state wrongly decided the issues." *Id.* (internal quotations omitted). If the Court were to determine that J.P. Morgan had no legal justification to file the foreclosure case, such a determination would effectively nullify the state court judgment. Therefore, the Rooker-Feldman doctrine bars any claims by the Plaintiffs that there was no basis for J.P. Morgan initiate foreclosure proceedings against Piguet.

### 4. Leave to Amend and Motion for Summary Judgment

In an untitled filing that the Court construes as the Plaintiffs' response to the Defendants' motions to dismiss, the Plaintiffs requested leave to amend their Complaint and "summary judgement [sic] under Rule 56." (Resp. at 1-2, ECF No. 66.) Because the Court has determined that the Complaint fails to state a claim upon which relief may be granted, the Plaintiffs' request for summary judgment is moot.

With respect to the Plaintiffs' request for leave to amend their Complaint, the Plaintiffs asserted that the untitled filing was the amended complaint. (Resp. at 4, ECF No. 66.) A court may deny a motion for leave to amend a complaint for futility. *See, e.g., Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007); *Tie Qian v. Sec'y, Dep't of Veterans Affairs*, 432 Fed. App'x. 808, 810 (11th Cir. 2011) (citations omitted). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell*, 510 F.3d at 1310.

Although the Plaintiffs' filing slightly recharacterizes their claims as claims for "independent damages resulting from a fraudulent and failed attempt to auction the Plaintiffs' property," they state that the auction was fraudulent because the Defendants obtained "the summary judgement [sic] and the auction date" from the state court through fraud. (Resp. at 3, ECF No. 66.) The Plaintiffs also allege that the Defendants caused the state court to improperly order Plaintiff Archer out of the courtroom during one of the hearings related to the foreclosure action against Plaintiff Piguet. (Resp. at 5, ECF No. 66.) The additional facts asserted by the Plaintiffs concern the Defendants' conduct during the state court proceeding and would therefore still be properly dismissed for the reasons set forth above. Accordingly, the Court denies the Plaintiffs' motion for leave to amend for futility.

Furthermore, since all of the causes of action set forth in the Complaint are untimely, are barred for various reasons, or must be brought in the state

court that heard the foreclosure case, the Court declines to permit the Plaintiffs any additional opportunities to amend their Complaint because the Plaintiffs can prove no set of facts that would entitle them to the relief that they seek.

   **5. Conclusion**

Accordingly, the Court **denies** the Plaintiffs' request for leave to amend the Complaint (**ECF No. 66**), **grants** the Defendants' motions to dismiss (**ECF Nos. 45, 46, 52**), and **dismisses** the Complaint with prejudice. The Court denies all pending motions as moot and directs the Clerk to **close** this case.

   **Done and ordered** in chambers, at Miami, Florida, on May 2, 2017.

_____
Robert N. Scola, Jr.
United States District Judge